**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT C. HENSON,
Plaintiff-Appellant,

v.

No. 96-1071

THE CITY OF GREENSBORO, NORTH
CAROLINA,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CA-95-22-2)

Submitted: January 31, 1997

Decided: February 24, 1997

Before HALL, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norman Barrett Smith, SMITH, FOLLIN & JAMES, Greensboro,
North Carolina, for Appellant. Martin N. Erwin, John J. Korzen,
SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Henson appeals from the district court's order granting summary judgment to the Defendants and dismissing Henson's action under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (1994). We affirm.

Henson, a former lake ranger employed by the City of Greensboro (City), claims that the City had the duty, under the ADA, to reasonably accommodate him when he injured his back in a non-work related automobile accident. See 29 C.F.R.§ 1630.9(a) (1995). To bring a claim under the ADA, Henson must establish that he: (1) has a disability, (2) is otherwise qualified for the employment or benefit in question, and (3) was excluded for the employment or benefit due to discrimination solely on the basis of the disability. See Tyndall v. National Educ. Ctrs., 31 F.3d 209, 212 (4th Cir. 1994).* The ADA defines a qualified individual as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8) (1995). Review of the record reveals that Henson can no longer perform the essential job functions of lake ranger and therefore, he is not a qualified individual. Accordingly, we affirm the district court's order.

We dispense with oral argument because the facts and legal conten-

_____

*The district court relied on the proof scheme established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1979). However, because there is no factual dispute over the reasons for discharge, this proof scheme is not appropriate. See Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 348 n.1 (4th Cir. 1996). Regardless, under the proof scheme of Tyndall, Henson fails to make out a prima facie case of discrimination under the ADA.

2

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED